**O**

# United States District Court
# Central District of California

BERNARD BUSH,

Plaintiff,

v.

VALASSIS COMMUNICATIONS, INC (DBA VALASSIS),

Defendant.

Case No. 2:13-cv-08479-ODW(SSx)

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [10]**

## I. INTRODUCTION

On November 15, 2013, Valassis Communications, Inc. removed this state-law employment action to federal court based on diversity jurisdiction. Bernard Bush now moves to remand this matter to state court because Valassis Communications allegedly waived its removal right to by actively litigating in state court. Because the Court finds that November 1, 2013 was the date when Valassis could ascertain that the case was removable, the Court **DENIES** Bush's Motion to Remand.[1]

[1] After carefully considering the papers filed with respect to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On June 10, 2013, Bush filed suit against three defendants—Valassis Communications, Frank Patano and David Seago—in the Los Angeles Superior Court. (ECF No. 1, Ex A.) Defendant Valassis is a Delaware corporation and Defendants Patano and Seago are California citizens. (Rapoport Decl. ¶ 3.) Bush brought eight claims against all defendants: racial harassment and discrimination, wrongful termination, intentional and negligent infliction of emotional distress, retaliation for protesting racial harassment and discrimination, negligent supervision, and failure to prevent racial harassment. (ECF No. 1, Ex A.)

On October 18, 2013, the parties entered into a stipulation: Bush would voluntarily dismiss defendants Patano and Seago conditioned on both signing and executing releases that waived any rights to attorneys' fees and costs in connection with the claim. (Opp'n 3, Ex. C.) According to the stipulation, Bush intended to file the dismissal forms by October 25, 2013, and the First Amended Complaint by November 1, 2013. (Panuco Decl. Ex. 19.) On October 24, 2013, Judge Strobel granted the stipulation and entered an order that plaintiff would dismiss Patano and Seago by October 25, 2013. (Rapoport Decl. ¶ 3.)

Because of the scope of the written release agreements in dispute, the signed release agreements were not provided to Bush's Counsel until November 1, 2013. (*Id*. ¶ 4, Ex. A) Later the same day, Bush's counsel emailed defense counsel the dismissal forms for Patano and Seago. (*Id*. at 3–4) Bush's Motion to Compel—which was filed on September 20, 2013 and opposed by Valassis on October 21, 2013— was heard earlier that same day. (*Id* ¶ 5.) On November 15, 2013, after Bush had dismissed the nondiverse defendants, Valassis filed its notice of removal. (*Id*. at 4)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375

(1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "federal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days from the date he first objectively learns that an action is removable. A defendant may learn that an action is removable in one of two ways: through the face of the initial pleadings or through the receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). After one year, removal is not permissible regardless of the source of information. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)

## IV. DISCUSSION

Bush contends that Valassis's removal of this action is improper because Valassis waived its right of removal by actively litigating in state court after removability was ascertainable. Valassis asserts that it did not actively litigate after removability was ascertainable because it did not receive an "other paper" from which it could ascertain removability until November 1, 2013. In the alternative, Valassis argues that its actions did not constitute "active litigation," evidencing intent to have the entire matter resolved in state court. The Court considers each in turn.

/ / /

/ / /

**A. Removability**

Bush alleges that the "other paper" from which Valassis could ascertain that the case was removable was the signed October 18, 2013 stipulation to dismiss the nondiverse defendants Patano and Seago. Bush suggests that because the stipulation stated that Bush would dismiss all claims against Patano and Seago, it served as actual notice that the case was removable. Bush argues that at the latest "[a]ny purported uncertainty about whether Plaintiff actually intended to dismiss the nondiverse defendants was resolved on October 24, 2013," when the superior court granted the stipulation. (Reply 3.) In contrast, Valassis contends that the correct "other paper" from which removability was ascertainable was formal dismissal of Patano and Seago filed on November 1, 2013, after Bush had received their signed releases. For the reasons discussed below, the Court agrees with Valassis.

Under 28 U.S.C. § 1446(b), the "other paper" that starts the 30-day window for removal must be one from which the defendant can "ascertain that the case is or has become removable." The "other paper" must indicate on its face that the case has become removable—not that it one day may become removable. *Bosky v. Kroger Tex., LP*, 288 F3d 208, 211 (5th Cir. 2002) (defining ascertain as "'to make certain, exact or precise; or 'to find out or learn with certainty."). This rule promotes judicial economy and avoids protective removals by defendants.

This action was not removable on October 18, 2013, because dismissal of the nondiverse defendants was conditioned on Bush's receipt of Patano and Seago's signed liability releases. And without the dismissal of these nondiverse defendants the case would not be removable. While the stipulation stated that Patano and Seago would be dismissed from the action on October 25, 2013, they were not actually dismissed until November 1, 2013. Prior to that executed dismissal, no document demonstrated that the case had become removable. *See, e.g.*, *Mertan v. E.R. Squibb & Sons, Inc.* 581 F.Supp. 751, 752–753 (C.D. Cal. 1980) (finding removal improper where settlement reached orally in mid-trial but no formal dismissal had been

entered); *Grubb v. Donegal Mut. Ins. Co.*, 935 F2d 57, 59 (4th Cir. 1991) (holding that a voluntary dismissal not final until formally recorded on the docket).

The rule Bush urges us to adopt would needlessly inject uncertainty into a court's inquiry as to whether removal is timely. Moreover, Ninth Circuit precedent has expressly held that defendant's subjective knowledge of the relevant facts does not affect the time for removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) ("(N)otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.").

Bush urges that other cases have held the "other paper" from which removability could be ascertained could take the form of a private settlement letter, a deposition transcript and telephone notice. But in none of these cases was dismissal of nondiverse defendants conditioned upon receipt of liability releases from those nondiverse defendants. Accordingly, the Court finds that the "other paper" from which removability could be ascertained was the formal dismissal of Patano and Seago filed on November 1, 2013.

**B. Active litigation in state court**

Even where removal is proper, a defendant "may waive the right to removal where, after it is apparent that the case is removable, the defendant takes action in state court that manifests his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). Because the Court finds that the "other paper" from which removability could be ascertained was the formal dismissal filed November 1, 2013, and Valassis did not take any action in state court after that date, Bush's waiver argument fails.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Bush's Motion to Remand. (ECF No. 10.)

**IT IS SO ORDERED.**

February 7, 2014

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**